1 | Kathryn J. Halford (CA State Bar No. 68141)
khalford@wkclegal.com
2 | Elizabeth Rosenfeld (CA State Bar No. 106577)
erosenfeld@wkclegal.com
3 | Marie Skinner (CA State Bar No. 291532)
mskinner@wkclegal.com
4 | **WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
5 | 16501 Ventura Boulevard, Suite 304
Encino, CA 91436
6 | Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306
7 |
8 | Attorneys for Plaintiff Board of Trustees of the
Teamsters Miscellaneous Security Trust Fund

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND in their capacity as fiduciaries for the TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND, | CASE NO. |
| | **COMPLAINT FOR BREACH OF CONTRACT AND VIOLATON OF ERISA** |
| Plaintiff, | [29 U.S.C. §§1132, 1145] [29 U.S.C. §185] |
| vs. | |
| SHOW READY, LLC, a suspended California limited liability company, | |
| Defendant. | |

Plaintiffs allege as follows:

## **JURISDICTION**

1.      Jurisdiction is conferred upon this court under the Labor-Management Relations Act of 1947, as amended ("LMRA"), §301(a), 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §502(e) (1), 29 U.S.C. §1132(e)(1).

## VENUE

2.      In accordance with ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), venue is appropriate in the Central District of California as the place where the Teamsters Miscellaneous Security Trust Fund ("TMSTF") is administered, and where the contractual obligations alleged are herein to be performed.

## PARTIES

3.      The Teamsters Miscellaneous Security Trust Fund ("TMSTF") is an express trust which was established pursuant to collective bargaining agreements between various employers and local unions affiliated with the International Brotherhood of Teamsters ("IBT"), in industries affecting commerce.

4.      The TMSTF was created and is maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and is an "Employee Welfare Benefit Plan" within the meaning and definition of ERISA section 3(1), 29 U.S.C. § 1002(1).  It is a "multiemployer plan" within the meaning of sections 3(37)(A), 29 U.S.C. § 1002(37)(A), and Section 515 of ERISA, 29 U.S.C. § 1145 and is subject to the provisions of Section 302(c)(5) of the LRMA, 29 U.S.C §186(c)(5). The TMSTF is administered within the jurisdiction of this District.

5.      Plaintiff, the Board of Trustees of the Teamsters Miscellaneous Security Trust Fund ("Plaintiff" or "Board") is the Administrator of the TMSTF, and its members are fiduciaries with respect to the TMSTF within the meaning of ERISA §21(A), 29 U.S.C. § 1002(21)(A).

6.      Plaintiff is informed and believes and thereon alleges that during all times relevant herein, Defendant SHOW READY, LLC ("SHOW READY") was and is a limited liability company organized and existing under and by virtue of the laws of the state of California, with its principal place of business in the County of Los Angeles, within the jurisdiction of this district whose corporate powers have been suspended by the Franchise Tax Board.

7.     This complaint is prosecuted pursuant to the LMRA § 301(a), 29 U.S.C. §185(a), and pursuant to ERISA §§502 and 515, 29 U.S.C. §§1132 and 1145, to enforce the provision of ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

8.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7, as fully set forth herein.

9.     At all times relevant herein, SHOW READY has been bound to a written collective bargaining agreement ("Labor Agreement") with General Teamsters, Airline, Aerospace and Allied Employees, Warehousemen, Drivers, Construction, Rock and Sand Local 986 of the International Brotherhood of Teamsters ("Union"), whereby SHOW READY agreed to make contributions to the TMSTF on behalf of its employees performing work covered by the Labor Agreement. A true and correct copy of the relevant portions of the Labor Agreement is attached hereto and incorporated herein as Exhibit "1." During all times relevant herein the Labor Agreement was in full force and effect.

10.     At the time SHOW READY executed the Labor Agreement, SHOW READY also executed a Trust Acceptance and Contract Data forms for the TMSTF whereby SHOW READY became bound to the terms and conditions of the Agreement and Declaration of Trust establishing the TMSTF (the "Trust Agreement") and agreed to pay contributions at specified rates to the TMSTF on behalf of employees performing bargaining unit work.  A true and correct copy of the Trust Acceptance and Contract Data form executed by SHOW READY is attached hereto and incorporated herein by this reference as Exhibit "2."  The Labor Agreement and Trust Agreement are collectively referred to as "Agreements."

11.     The Agreements require each employer to submit reports and pay contributions to the TMSTF on behalf of all covered employees on the first (1st) day of the month based upon work performed during the previous month. Reports and contributions are considered delinquent if not postmarked by the twentieth (20th) day of the month for which contributions are owed.

12.     At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the TMSTF as a result of nonpayment of contributions. The amount agreed upon in the Trust Agreement, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the TMSTF by the nonpayment of contributions and/or failure of an employer to timely submit contributions to the TMSTF.  The Trust Agreement sets the amount assessed as and for liquidated damages, and not as a penalty, at twenty percent (20%) of the delinquent contributions, or twenty-five dollars ($25.00), whichever amount is greater.

13.     The Agreements further provide that, if an employer is delinquent with submission of reports and/or contributions, an employer must pay interest on the delinquent contributions at the rate of ten percent per annum from due dates until paid, and any attorney fees and costs incurred by the TMSTF for collection and/or enforcement.

14.     At all times relevant herein, the Agreements have been in full force and effect.

15.     Plaintiff is informed and believes and upon that basis alleges that at all times relevant herein Defendant employed workers covered by the provisions of the Labor Agreement for whom contributions were required to be paid to the TMSTF.

16.     Defendant has failed to timely report and pay contributions at the rates required by the Agreements for the period of September, October,

November, December 2018, January and February 2019 and currently owes contributions in the amount of $13,481.00.

17.     As a result, Defendant's failure to timely report and pay contributions during the period of September, October, November, December 2018, January and February 2019 assessed on unpaid and delinquent contributions, Defendant owes liquidated damages, in accordance with the Agreements.

18.     The amount currently assessed as and for liquidated damages, and not as a penalty, on unpaid and delinquent contributions during the period of September, October, November, December 2018, January and February 2019 is $3,122.40.

19.     As a result of Defendant's failure to timely pay contributions owed for the period of September, October, November, December 2018, January and February 2019, and in accordance with the terms of the Agreements, interest has accrued and continues to accrue on all unpaid contributions from the dates due until paid at the rate of 10 percent (10%) per annum.

20.     Plaintiff is informed and believes and upon that basis alleges that Defendant breached its obligation under the Agreements by failing to timely pay contributions, liquidated damages, and accrued interest assessed upon unpaid and delinquent contributions owed to the TMSTF.

21.     Because of Defendant's failure to timely report and pay contributions, it has been necessary for the TMSTF to engage the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld.

22.     As a result of Defendant's breach of the Agreements, Plaintiff has been damaged in an amount equal to the amount of unpaid contributions, liquidated damages assessed on unpaid and delinquent contributions during the period of September, October, November, December 2018, January and February

2019, interest, and reasonable attorneys' fees and all costs incurred in enforcing the terms of the Agreements.

23.     Plaintiff has complied with all conditions precedent, if any, to be performed under the terms of the Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

24.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, as if fully set forth herein.

25.     By failing to accurately report and pay contributions to the TMSTF in accordance with the Agreements, Defendant has violated ERISA § 515, 29 U.S.C. §1145.  In accordance with the terms of the Agreements and pursuant to ERISA §§502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, Plaintiff is entitled to and hereby demands, in addition to the payment of all unpaid contributions owed by Defendant, an award of liquidated damages assessed on unpaid and delinquent contributions during the period of September, October, November, December 2018, January and February 2019, and all accrued interest from due dates to date of payment, reasonable attorney's fees and all costs incurred in enforcing the terms of the Agreements.

WHEREFORE, Plaintiff prays for judgment against SHOW READY, LLC, a suspended limited liability company, as follows:

## ON THE FIRST AND SECOND CLAIMS FOR RELIEF:

1.     For all unpaid contributions during the period of September, October, November, December 2018, January and February 2019, according to proof;

2.     For liquidated damages assessed at the rate of 20 percent (20%) of the unpaid and delinquent contributions during the period of September, October, November, December 2018, January and February 2019;

1     3.     For interest calculated at the rate of 10 percent (10%) per annum on

2   all unpaid contributions for the period of September, October, November,

3   December 2018, January and February 2019, from the due dates to dates of

4   payment;

5     4.     For reasonable attorneys' fees incurred in prosecuting this action;

6     5.     For costs of suit;

7     6.     For such other relief as the court deems appropriate.

8                     **ON THE SECOND CLAIM FOR RELIEF**:

9     7.     For such other legal or equitable relief under ERISA § 502(g)(2)(E);

10          29 U.S.C. §1132 (g)(2)(E) as the Court deems appropriate.

11

12   DATED: February 11, 2019            Kathryn J. Halford
                                         Elizabeth Rosenfeld
13                                       Marie Skinner
                                         **WOHLNER KAPLON CUTLER**
14                                       **HALFORD & ROSENFELD**

15                            BY:    _/s/ Marie Skinner_____
                                         Marie Skinner
16                                       Attorneys for Plaintiffs
                                         BOARD OF TRUSTEES OF THE
17                                       TEAMSTERS MISCELLANEOUS
                                         SECURITY TRUST FUND in their
18                                       capacity as fiduciaries for the
                                         TEAMSTERS MISCELLANEOUS
19                                       SECURITY TRUST FUND

20

21

22

23

24

25

26

27

28